## Violet v. Purdy, et al.

(Decided December 20, 1912.)

### Appeal from Marion Circuit Court.

Deeds—Construction of—Defeasible Fee.—A conveyed to C and B a tract of land, but restricted the title by reserving a life estate and by providing that if C and B should die without issue, it should go to F. Held: C and B took a defeasible fee and it ripened into a fee simple upon the death of the grantor, as they survived him and as the grantor had reference to their dying before him.

S. A. RUSSELL for appellant.

WILLIAM W. SPALDING for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The question involved upon this appeal is: What character of estate did appellees receive under the following deed:

"This deed made out and entered into by and between R. C. Daniel, of Marion County, Kentucky, party of the first part, and Miss Edna Daniel and Mrs. Settee Putnam, of the same county and State, parties of the second part.

"Witnesseth: That for and in consideration of one dollar, cash in hand paid, the receipt thereof is hereby, acknowledged, and the further consideration of the natural love and affection I, R. C. Daniel, bear for the second parties, my granddaughters, the party of the first part, said R. C. Daniel, by these presents sells, aliens and conveys unto the said Edna Daniels and Mrs. Setta Putnam the following real estate, to wit: (Here follows description.)

"To have and to hold unto said parties of the second part and their bodily heirs, forever, with covenant of general warranty.

"This conveyance is subject to the following stipulation and conditions: First, the first party, R. C. Daniel, reserves in said property a life estate and the use, management, control and products of said land so long as he lives. Possession to be surrendered to second party at the death of the first party. Secondly, should either of the second parties die without leaving bodily heirs or issue, then in such event the share of the one so dying shall pass to and become the absolute property of the survivor. Said second parties are hereby vested with title to said property jointly and equally. Thirdly, should both the second parties die without bodily heirs or issue, in such event said property shall pass to and become the property of my grandson, R. M. Bannister, and his bodily heirs; and if said Bannister shall be dead on the happening of such contingency, then said property shall pass to and vest in his said R. M. Bannister's bodily heirs or issue of his body," etc.

It will be observed that appellees alone were named as the second parties in the caption and granting clause, but the habendum clause is restricted by the following conditions: First, the grantor reserved a life estate and the management, use, control and products of the land so long as he lived. Second, he provides that if "either of the second parties should die without leaving bodily heirs or issue, then in such event the share of the one so dying shall pass to and become the absolute property of the survivor." Third, he provides that in case both the second parties should die without issue, then the property should go to his grandson, R. M. Bannister, etc. The real and only question is: What did the grantor mean by the expression "should both the second parties die without leaving bodily heirs or issue," as used in the

third condition referred to? Did the grantor have reference to them dying during his lifetime, or did he mean if they should die at any time without bodily heirs or issue the property should pass to his grandson, R. M. Bannister, or to his bodily heirs or issue if he be dead?

In the case of Gibson v. Thompson, 26 Ky. L. R., 1085, this court conclusively settled this question in construing the deed under consideration therein. The part of the deed construed in that case, as copied in the opinion, is as follows:

" 'And it is distinctly understood that she reserves to herself a life estate in both aforesaid tracts of land. To have and to hold said undivided two-thirds (that is to say, the undivided one-third to each of them) to the said William Gibson and the said Fanny Goodwin and their heirs and assigns forever after the death of the party of the first part, and not before. It is hereby understood that in the event that the said Fanny Goodwin, her said granddaughter, dies without children, then the said interest of said Fanny Goodwin shall vest in the survivors, that is to say, one-half of the undivided one-third of said tracts of land hereby conveyed to said Fanny Goodwin shall vest in said William Gibson and his heirs and the other half of said one-third shall vest in my grandchildren, Fanny Gaines and Bernard Gaines, and their heirs.' "

The question in that case was whether the grantor, in referring to Fanny Goodwin's death, meant her death at any time or within the lifetime of the grantor, and the court said:

"The rule is that, if a vested remainder be limited by deed or will on a particular estate, with the condition that if the remainderman die without heirs (or other words of like import), then his estate shall vest in a third person or class, such remainderman takes a defeasible fee, conditioned upon his dying without heirs during the continuance of the particular estate; and after the falling in of the latter, he surviving, his defeasible fee ripens into a fee simple title."

Fanny Goodwin did not die without heirs during the life of her grandmother, the grantor, and upon the death of her grandmother, that which had been a defeasible fee in Fanny Goodwin ripened into a fee simple title, and in support of this conclusion the court cited a dozen or more cases. That case is a facsimile of the case at bar.

Appellees survived their grandfather, the grantor, and their title, which was a defeasible fee so long as he lived, ripened into a fee simple upon his death. Therefore, their sale and conveyance to appellant of the land conveyed to them by the deed of their grandfather, passed to appellant a fee simple title, and the lower court did not err in so adjudging.

Judgment affirmed.